# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BASIRA NA'IMAH BEY EXPRESS TRUST AND OTHERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22CV1020 |
| CARRINGTON MORTGAGE SERVICES, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Carrington Mortgage Services, LLC ("Carrington") and Bruce Rose ("Mr. Rose") in his capacity as President of Carrington. (Docket Entry 6.)  Natasha Renee Collins "(Ms. Collins"), on behalf of Plaintiff Basira Na'Imah Bey Express Trust ("Plaintiff Trust"), filed a document which the Court construes as an opposition brief.  (*See* Docket Entry 10.)  Defendants then filed a reply (Docket Entry 11) and Ms. Collins on behalf of Plaintiff Trust filed a document which the Court construes as a surreply.  (Docket Entry 12.)  Defendants have moved to strike the surreply.  (Docket Entry 13.)  For the reasons stated herein, the undersigned recommends that Defendants' motion to dismiss be granted and the undersigned will deny as moot Defendants' motion to strike.

# I.   BACKGROUND

Ms. Collins, who appears to be a trustee or "settlor/trust protector" for Plaintiff Trust filed a Complaint in North Carolina state court asserting what purports to be a breach of contract claim against Carrington and Mr. Rose. (*See generally* Complaint, Docket Entry 4.) Ms. Collins, appearing a non-attorney, signed the Complaint and attempts to represent Plaintiff Trust in the instant action. (*Id.* at 4.)[1] Although unclear, as best the Court can glean, Plaintiff Trust alleges some dispute in a mortgage loan obtained by Ms. Collins as the borrower of said loan,[2] and believes the mortgage loan should have been paid in full by writing "accord & satisfaction," "under duress," and "full payment" on checks that were applied to the loan. (*Id.* at 3, 6, 7.) The Complaint alleges that Plaintiff Trust is the "true beneficial owner" of the real property associated with Ms. Collins's mortgage loan via quitclaim deed. (*Id.* at 3.) Although still unclear, Plaintiff Trust purports to assert breach of contract and accord and satisfaction claims against Carrington who appears to be the current loan servicer, and perhaps still demands Ms. Collins pay back the loan in its entirety. (*See id.* at 3-4.)[3] Defendants removed this action to this Court and filed the instant motion to dismiss. (Docket Entries 1, 6.)

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[2] Defendants have attached the Deed of Trust (Docket Entry 7-1), which the Court finds is an integral part of the Complaint and considers it in reviewing the sufficiency of the pleadings. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (documents integral to the complaint and its authenticity otherwise undisputed may be considered on a Rule 12(b)(6) motion).

[3] Plaintiff Trust appears to tie its claims to some purported violation of the National Bank Act of 1863, specifically section 33. (*See* Compl. at 3.)

Case 1:22-cv-01020-LCB-JLW   Document 16   Filed 07/31/23   Page 2 of 9

## II.  **DISCUSSION**

Defendants contend that the Complaint fails to state a claim upon which relief can be granted.  (Docket Entry 6.)  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."  *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted).  The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, even under this

3

liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him or her. *Pender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Here, at the outset the Court notes that Plaintiff Trust appears to be an entity, not a person, and therefore is not permitted to proceed without representation of counsel. *Ballentine v. Wells Fargo Bank, N.A.*, No. 1:19-CV-589, 2019 WL 13215672, at *2 (M.D.N.C. Aug. 21, 2019) (unpublished) ("LB International Express Trust appears to be an entity, not a person. It therefore cannot proceed *pro se* and must be represented by an attorney."); *Peterson v. City of Hickory*, No. 5:07CV74, 2008 WL 2980096, at *2 (W.D.N.C. July 30, 2008) (unpublished) ("In federal court, a trustee appearing in a solely representative capacity requires a lawyer."); LR 11.1(a) ("A corporation or other entity may appear only through an attorney."). Ms. Collins does not appear to be an attorney, and thus cannot represent nor submit filings on behalf of

4

Plaintiff Trust.[4]  *See Carter v. Cap. One*, No. 320CV00684FDWDSC, 2021 WL 3376829, at *5 (W.D.N.C. Aug. 3, 2021) (unpublished) ("Plaintiff is litigating on behalf of another party not present and—by virtue of not being a licensed attorney—she endangers the rights of the Trust and its beneficiaries whom she represents."). Thus, "by representing [Plaintiff] Trust in a claim against Defendant[s], [Ms. Collins] has failed to state a claim." *Id.*

Beyond that, Plaintiff Trust fails to set forth allegations sufficient to state a claim for breach of contract that survives the Rule 12(b)(6) standard.  To state a breach of contract claim under North Carolina law, Plaintiff Trust must allege "(1) [the] existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26 (2000).  The Complaint alleges a dispute regarding a loan agreement which Ms. Collins executed, and Carrington obtained; Plaintiff Trust does not assert that it is a party to the loan transaction, nor does it assert a contractual relationship of any kind between it, Carrington, and Mr. Rose. *See Am. Oil Co., Inc. v. AAN Real Estate, LLC*, 232 N.C. App. 524, 526-527 (2014) ("In order for a breach of contract claim to withstand a 12(b)(6) motion based on a lack of standing, the plaintiff's allegations must 'either show it was in privity of contract, or it is a direct beneficiary of the contract'").  Nor has Plaintiff Trust alleged a valid assignment of the loan agreement to Carrington, which again appears to be the loan servicer.  *See VERONICA THOMAS, Plaintiff, v. OCWEN LOAN SERVICING, LLC, et al, Defendants. Additional Party Names: Shellpoint Mortg. Servicing, LLC*, No. 2:19CV170, 2020 WL 2744127, at *4 (E.D. Va. Mar. 9, 2020)

---

[4] Ms. Collins' use of the designation "trust protector" does not alter this conclusion; she is still prohibited from proceeding on behalf of the entity.  *See Bertran v. Compton*, No. 4:16-CV-00022-SLG, 2017 WL 1051185, at *1 n.2 & 4 (D. Alaska Mar. 20, 2017) (unpublished) (dismissing individual who appeared in capacity as trustee and "trust protector").

(unpublished) ("Plaintiff has not alleged facts sufficient to show that (i) there is a contractual relationship between Plaintiff and the loan servicers . . . or [a valid assignment]. Without such a showing, Plaintiff cannot state a breach of contract claim against [the loan servicers] upon which relief may be granted."); *Brown v. Loancare, LLC*, No. 320CV00280FDWDSC, 2020 WL 7389407, at *6 (W.D.N.C. Dec. 16, 2020) (unpublished) ("An allegation that a defendant services or subservices a mortgage loan agreement is not, without more, sufficient to bind the servicer to the terms of the agreement."). Moreover, Plaintiff Trust does not allege that Defendants were in breach of any agreement. And to the extent Plaintiff Trust alleges that Ms. Collins' remittance of installment checks with notations of "accord & satisfaction," "under duress," and "full payment" constituted accord and satisfaction, and satisfied the full amount owed on the loan, these allegations are insufficient.

First, the Court notes that "[i]n North Carolina, the doctrine of accord and satisfaction is an affirmative defense to a breach of contract claim, not a cause of action." *Jones v. Nationwide Advantage Mortg. Co.*, No. 1:17CV189, 2018 WL 1569835, at *3 (M.D.N.C. Mar. 27, 2018) (unpublished) (citations omitted). Thus, any purported claim for accord and satisfaction fails. Even if the doctrine of accord and satisfaction could be a viable cause of action, it is inapplicable here. Codified in N.C. Gen. Stat. § 25-3-311, the doctrine of accord and satisfaction provides that a claim may be discharged if:

> a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument. . . .

6

N.C. Gen. Stat. § 25-3-311(a). Thus, "[w]hen there is some indication on a check that it is tendered in full payment of a *disputed* claim, the cashing of the check is held to be an accord and satisfaction as a matter of law." *Sanyo Elec., Inc. v. Albright Distrib. Co.*, 76 N.C. App. 115, 117, 331 S.E.2d 738, 740 (1985) (emphasis added).

> However, where there is 'no evidence or allegation of communication between plaintiff and defendant concerning a dispute over the account,' nor 'evidence or allegation of negotiation or agreement between plaintiff and defendant concerning payment *or acceptance of less than the full amount of the account*,' a party's notation on a check stating that the check is to be in full payment of the debt owed does not constitute an accord and satisfaction.

*Jones*, 2018 WL 1569835, at *4 (citing *Fruit & Produce Packaging Co., Div. of Inland Container Corp. v. Stepp*, 15 N.C. App. 64, 68, 189 S.E.2d 536, 538 (1972) (emphasis in original)). Here, Plaintiff Trust does not sufficiently allege a dispute existed between Ms. Collins and Defendants. In cursory fashion, the Complaint alleges that Defendants were served with a "Bona Fide Dispute on May 23, 2022," but the Complaint also admits there was no response. (*See* Compl. at 3 ("The executive office of the defendant failed to provide a correspondence.").)[5] Even considering that, there are no allegations of communications between Ms. Collins and Defendants regarding an agreement that Defendants would accept less than the full amount owed on the loan. Therefore, "[t]he fact that a remittance by check purporting to be 'in full' is accepted and used does not result in an accord and satisfaction if the claim involved is

---

[5] The Complaint indicates that the "Bona Fide Dispute" served on Defendants on May 23, 2022, is attached as Exhibit "A," however no such document exists. (*See* Docket Entry 4.) This may be the same document attached to Plaintiff's sur-reply which is dated May 23, 2022, (*see* Docket Entry 12-1). In any event, as stated above, there was no response from Defendants regarding said correspondence.

7

liquidated and undisputed." *In re Five Oaks Recreational Ass'n, Inc.*, 219 N.C. App. 320, 327, 724 S.E.2d 98, 102 (2012) (internal quotations and citation omitted); *Bromhal v. Stott*, 116 N.C. App. 250, 254, 447 S.E.2d 481, 484 (1994) ("In order for accord and satisfaction to be a successful defense, there must have been a negotiation or agreement between the parties concerning payment or acceptance of less than the full amount owed."), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995) (citation omitted). Ultimately, Plaintiff Trust's allegations of accord and satisfaction are insufficient and thus fail. *See Jones*, 2018 WL 1569835, at *4 ("There are no allegations, however, that [defendant] and Plaintiff agreed that [defendant's] receipt of payment in an amount less than the full balance due on the account would satisfy Plaintiff's payment obligations under the Note.").

For these reasons, Defendants' motion to dismiss should be granted.[6] Plaintiff Trust's document entitled "Affidavit of Denial: Motion to Dismiss Plaintiff's Complaint," which the Court construes as a response to Defendants' motion, fails to refute any specific arguments made in Defendants' motion, or otherwise point to factual allegations in the Complaint to support the sufficiency of any claim. (*See* Docket Entry 10.) Further, Plaintiff Trust has filed a second response (Docket Entry 12) which the undersigned construes as a sur-reply. "Generally, parties do not have the right to file a sur-reply and may only do so [w]hen fairness dictates, such as when new arguments are raised in the reply brief." *Yang v. Lai*, No. 1:22CV5,

---

[6] Plaintiff Trust also appears to name CT Corporation System as a defendant, but only in its capacity as the registered agent for Carrington and Mr. Rose. (*See* Compl. at 1.) Plaintiff Trust has not asserted specific allegations against this entity and liability here cannot be imposed against the entity solely in its role as the registered agent. *See Park v. Carson Min. Hot Springs LLC*, No. C09-5433 RJB, 2010 WL 11685124, at *3 (W.D. Wash. Aug. 26, 2010) (unpublished) ("[L]iability cannot be imposed upon Defendant Lee simply on the grounds that he is the registered agent of Defendant Carson Mineral Hot Springs LLC.").

2022 WL 2440834, at *3 (M.D.N.C. July 5, 2022) (unpublished) (internal quotations and citation omitted).  Here, no new arguments were raised in Defendants' reply brief warranting the filing of a sur-reply.  Nevertheless, upon review of the sur-reply and attachments thereto, the undersigned finds that it contains no additional arguments or facts that would affect the analysis herein, including the undersigned's conclusion that Defendants' motion to dismiss should be granted.  Thus, Defendants' motion to strike Plaintiff's sur-reply will be denied as moot.

III. <u>**CONCLUSION**</u>

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Sur-reply (Docket Entry 13) is **DENIED AS MOOT**.

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry 6) be **GRANTED**, and Plaintiff's Complaint be dismissed with prejudice.

/s/  Joe L. Webster
United States Magistrate Judge

July 31, 2023
Durham, North Carolina

9